RALPH W. CREWS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ROBERT E. CREWS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

AMY TRESNER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MARY WILLIS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

CHARLES CREWS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 66701–66703, 66718, 66766. Promulgated November 12, 1935.

*Albert L. McRill, Esq.,* for the petitioners.
*John H. Pigg, Esq.,* for the respondent.

#### SUPPLEMENTAL OPINION.

TRAMMELL: These proceedings are for the redetermination of deficiencies in income tax for 1930 and formerly were considered by us at 30 B. T. A. 615 and 31 B. T. A. 187. The petitioners and their brother, Everett J. Crews, were the owners of an oil and gas property situated in Oklahoma which they had inherited from their parents, the last of whom died in 1910. Up to and during the taxable year no actual division had been made of the property and the petitioners and their brother, Everett J. Crews, were each the owners of a one-sixth interest therein and entitled to one sixth of the income therefrom.

Since our former consideration of the instant proceedings we have decided the case of *Everett J. Crews,* which appears at 33 B. T. A. 36. The issues involved in that proceeding were (1) what amount was to be included in the petitioner's gross income as his share of the net income arising from certain business operations

conducted for the benefit of him and his brothers and sisters, including the operation of the oil and gas property heretofore mentioned, and (2) the amount the petitioner was entitled to deduct for depletion with respect to the said oil and gas property. That proceeding was submitted to us on the same record made in the instant proceedings. Upon further consideration of the record made in the instant proceedings we found it necessary in the case of *Everett J. Crews* to make certain modifications of our findings of fact and opinion previously made by us in the instant proceedings.

Inasmuch as the facts found and conclusions reached heretofore by us in the instant proceedings are not in conformity with those in *Everett J. Crews, supra*, they, therefore, are modified to bring them into harmony with the facts found and conclusions reached in that case. Therefore the facts as found in *Everett J. Crews, supra*, are adopted and made the findings of fact in these proceedings.

Recomputations of the tax liability of the petitioners will be made in accordance with these findings of fact and opinion in *Everett J. Crews, supra*.

*Decision will be entered under Rule 50.*